UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Docket No.:
DAVID J. DOYAGA, as Trustee of the Estate of MAKEBA
L. SCREEN                                                                              **COMPLAINT**

                            Plaintiff(s),

      -against-

LIDIA POWELL and UNITED STATES POSTAL
SERVICE

                            Defendant(s).
-------------------------------------------------------------------X

      Plaintiff, complaining of the defendants, by her attorneys, SILBOWITZ, GARAFOLA, SILBOWITZ & SCHATZ LLP, shows this Court and alleges, upon information and belief, the following:

JURISDICTION AND VENUE

      1.      That at all times hereinafter mentioned, the plaintiff **DAVID J. DOYAGA, as Trustee of the Estate of MAKEBA L. SCREEN** was and still has an office in the County of Kings, City and State of New York and the United States of America.

      2.      That this action is one brought against the defendants **UNITED STATES POSTAL SERVICE** under and pursuant to 28 USC 1346 (b), the Federal Tort Claims Act for the negligent act of an agent, servant and/or employee of the defendant **UNITED STATES POSTAL SERVICE.** Venue is based on 28 USC 1402(b) in that the acts or omissions complained of occurred in the Judicial District for the Eastern District of New York.

      3.      That the applicable Claim was filed with the defendant **UNITED STATES POSTAL SERVICE** on or about the 20th day of October, 2020, on or about the 21st day of January, 2021, and on or about the 4th day of February, 2021.

1

3. That the applicable claim was denied by the defendant **UNITED STATES POSTAL SERVICE** on or about the 1st day of February 2022.

4. That a period of six (6) months has elapsed from the filing of a Notice of Claim and the Claim has not been adjusted.

5. That the within action has been commenced within a period of six (6) months from the date of the denial of the claim by defendant **UNITED POSTAL SERVICE**.

6. That all prerequisites for filing this suit have been complied with by the plaintiff pursuant to 28 USC 2401.

7. That at all times hereinafter mentioned, upon information and belief, the defendant, **UNITED STATES POSTAL SERVICE**, was the titled owner of a 2018 United States Postal Service truck, bearing License Plate #8871567.

8. That at all times hereinafter mentioned, upon information and belief, the defendant, **UNITED STATES POSTAL SERVICE**, was the registered owner of a 2018 United States Postal Service truck, bearing License Plate #8871567.

9. That at all times hereinafter mentioned, upon information and belief, the defendant, **UNITED STATES POSTAL SERVICE**, was the lessee of a 2018 United States Postal Service truck, bearing License Plate #8871567.

10. That at all times hereinafter mentioned, upon information and belief, the defendant, **UNITED STATES POSTAL SERVICE**, was the lessor of a 2018 United States Postal Service truck, bearing License Plate #8871567.

11. That at all times hereinafter mentioned, upon information and belief, defendant **LIDIA POWELL** was the operator of the aforesaid 2018 United States Postal Service truck, bearing License Plate #8871567.

12. That at all times hereinafter mentioned, upon information and belief, defendant **LIDIA POWELL** operated the aforesaid motor vehicle with the express and/or implied permission, consent and knowledge of the defendant owner, **UNITED STATES POSTAL SERVICE**.

13. That at all times hereinafter mentioned, upon information and belief, defendant **LIDIA POWELL** was an employee, agent and/or servant of the defendant, **UNITED STATES POSTAL SERVICE.**

14. That at all times hereinafter mentioned, upon information and belief, defendant **LIDIA POWELL** operated the aforesaid motor vehicle with the express and/or implied permission, consent and knowledge of the defendant owner, **UNITED STATES POSTAL SERVICE**.

15. That at all times hereinafter mentioned, upon information and belief, defendant **LIDIA POWELL** operated the aforesaid motor vehicle with the express and/or implied permission, consent and knowledge of the defendant owner, **UNITED STATES OF AMERICA**, while within the scope of his employment.

16. That at all times hereinafter mentioned, 305 West 29th Street, in the County, City and State of New York, was and still is a public roadway(s), street(s) and/or thoroughfares and was the situs of the accident herein.

17. That on or about September 30, 2019, **MAKEBA L. SCREEN** was the operator of a 2018 Dodge bearing New York State registration number GNW8548.

18. That on or about September 30, 2019, defendant **LIDIA POWELL** was operating the aforesaid motor vehicle owned by defendant **UNITED STATES POSTAL SERVICE** on the aforementioned street and thoroughfare.

19. That on September 30, 2019, **MAKEBA L. SCREEN** was operating her motor vehicle at the aforementioned location.

20. That on September 30, 2019, at the aforementioned location, the motor vehicle owned by Defendant **UNITED STATES POSTAL SERVICE** and operated by Defendant **LIDIA POWELL** came into contact with the motor vehicle operated by **MAKEBA L. SCREEN** at the above-mentioned location.

21. The accident and resulting injuries were caused by the negligent, wanton, reckless and careless acts of the defendant herein.

22. That the defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless in allowing, causing, and/or permitting their motor vehicle to come into contact with **MAKEBA L. SCREEN**'s motor vehicle; in failing to properly keep, control and maintain the motor vehicle so as to prevent the accident herein; in failing to keep the motor vehicle under proper control; in failing to operate the motor vehicle in a manner and at a speed that was reasonable and proper under the prevailing traffic conditions; in failing to properly operate the braking and acceleration devices of the motor vehicle under the circumstances of the roadway where the accident occurred; in failing to keep a proper lookout; in failing to stop and/or slow down; in acting with reckless disregard for the safety of others; in failing to keep alert and attentive; in failing to sound horn; in failing to properly apply brakes; in improperly hiring and continued employment of inept, incompetent and/or unskilled employees; and the defendants, their agents, servants and/or employees, were in other ways negligent, wanton, reckless & careless.

23. The limited liability provisions of C.P.L.R. 1601 do not apply pursuant to C.P.L.R. 1602(6) on the grounds that the defendants' liability is based upon its use, operation

and ownership of a motor vehicle or motorcycle and C.P.L.R. 1602(7) on the grounds that defendant acted with reckless disregard for the safety of others including the plaintiff herein.

24. That by reason of the foregoing, **MAKEBA L. SCREEN** was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this plaintiff was caused to expend and become obligated for diverse sums of money as a result of this accident; and this plaintiff further was caused to lose substantial periods of time from her normal vocation and activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

25. That **MAKEBA L. SCREEN** sustained a serious injury, as defined in Subdivision (d) of Section 5102 of the Insurance Law of the State of New York and economic loss greater than basic economic loss, as defined in Subdivision (a) of Section 5102 of the Insurance Law of the State of New York.

26. That Plaintiff **DAVID J. DOYAGA, as Trustee of the Estate of MAKEBA L. SCREEN** is the successor in interest to **MAKEBA L. SCREEN** by virtue of a bankruptcy filing by **MAKEBA L. SCREEN**.

27. That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

28. That by reason of the foregoing, the plaintiff sustained damages in the sum of TWO MILLION DOLLARS ($2,000,000.00).

WHEREFORE, plaintiff demands judgment against the defendants and each of them in the sum of $2,000,000.00, together with the costs and disbursements of this Action.

Dated:    Great Neck, NY
          May 12, 2022

                                Yours, etc.

                                HOWARD SCHATZ
                                SILBOWITZ, GARAFOLA, SILBOWITZ & SCHATZ LLP
                                ATTORNEY FOR PLAINTIFF(S)
                                MAKEBA L. SCREEN
                                55 WATER MILL LANE, SUITE 400
                                GREAT NECK, NY 11021
                                (212) 354-6800
                                Our File No. 202001440

TO:
     LIDIA POWELL
     639 Commonwealth Avenue
     Bronx, NY 10473

     UNITED STATES POSTAL SERVICES
     475 Lenfant Plaza SW
     Washington, DC 20260

Docket No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID J. DOYAGA, as Trustee of the Estate of MAKEBA L. SCREEN

        Plaintiff(s),

-against-

LIDIA POWELL and UNITED STATES POSTAL SERVICE

        Defendant(s).

---

**SUMMONS AND VERIFIED COMPLAINT**

---

**Silbowitz, Garafola, Silbowitz & Schatz LLP**
*Attorneys for Plaintiff(s)*
55 Water Mill Lane, Suite 400
Great Neck, NY 11021
(212) 354-6800

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon, information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: May 12, 2022

        Signature_____
                Howard Schatz