

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 21, 2023

**Via ECF**
Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *Doyaga v. United States of America*, 22 Civ. 3908 (JLR)

Dear Judge Rochon:

      This Office represents the United States of America (the "Government") in this action brought by David J. Doyaga ("Plaintiff"), as Trustee of the Estate of Makeba L. Screen, under the Federal Tort Claims Act, which arises from a car accident with a United States Postal Service vehicle. Pursuant to Section 2(E) of this Court's Individual Rules of Practice, Local Rule 37.2 of the U.S. District Court for the Southern District of New York, and Federal Rule of Civil Procedure 45(d)(2)(B)(i), I write respectfully to request a conference in connection with the Government's anticipated motion to compel Atlas Radiology, P.C. to produce medical records responsive to a Rule 45 subpoena.

      The Government served Atlas Radiology with a Rule 45 subpoena for medical records in January 2023, and Atlas Radiology has lodged no objections to the subpoena. Since that time, the Government has repeatedly followed up with Atlas Radiology regarding the status of the records. Indeed, a paralegal from this Office placed 4 phone calls and sent 3 emails in June, placed 1 phone call and sent 1 email in July, placed 4 phone calls and sent 4 emails in August, and placed 6 phone calls and sent 2 emails in September. The undersigned has also called and emailed Atlas Radiology multiple times this month. Representatives for Atlas Radiology have repeatedly acknowledged receipt of the subpoena and stated that the records were forthcoming. To date, however, the records have not been produced.

      Earlier this month, after the Government advised that it would have no choice but to move to enforce the subpoena if it did not receive the records promptly, an Atlas Radiology representative stated that the company was dealing with a computer "virus" and that the records should be produced within days. On September 18, 2023, the same representative stated that the records should be available for pick up later that day, and the Government began to arrange for a messenger to retrieve the records. On September 19, 2023, however, this representative stated that the company was dealing with the same computer issues and did not offer a date by which the records would be available.

"Under Federal Rule of Civil Procedure 34, '[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.'" *Flannigan v. Vulcan Power Grp., LLC*, No. 09-CV-8473 (LAP), 2019 WL 3242531, at *10 (S.D.N.Y. July 3, 2019) (quoting Fed. R. Civ. P. 34(c)). Federal Rule of Civil Procedure 45(d)(2)(B)(i) provides, in relevant part, that "'on notice to the commanded person, the serving party may move the court . . . for an order compelling production or inspection' pursuant to a subpoena." *Fossil Grp., Inc. v. Angel Seller LLC*, No. 20-CV-2441 (HG) (TAM), 2022 WL 17775185, at *1 (E.D.N.Y. Oct. 19, 2022). "It is well-established that a commanded party's failure to timely object to a subpoena, or to oppose a motion to compel compliance waives such objections and concedes the merits of the motion." *Chautauqua Com. Park, LLC v. Main St. Am. Assurance Co.*, No. 21-CV-316WMS(F), 2022 WL 15200905, at *2 (W.D.N.Y. Oct. 27, 2022).

The Government respectfully requests that the Court direct counsel for Atlas Radiology to appear at a conference to discuss the Government's anticipated motion to compel, if the records are not produced by a date certain. The Government also asks, with Plaintiff's consent, that the fact discovery deadline be extended until the records from Atlas Radiology are produced so that the Government's medical experts can account for these records (which include MRI images from shortly after the car accident occurred) in their respective reports. Fact discovery has already been extended twice. The Government is aware that the Court has indicated that there would no further extensions of fact discovery absent "exceptional circumstances." The Government submits that Atlas Radiology's obfuscation and procrastination—which is outside the Government's control—constitutes an exceptional circumstance.

The Government thanks the Court for its attention to this matter.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   /s/ Mark Osmond
MARK OSMOND
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2713
E-mail: mark.osmond@usdoj.gov

Request **DENIED WITHOUT PREJUDICE**. Because the Government has not attached the purported subpoena to their letter-motion or otherwise shown that the Court has and should exercise authority to compel compliance with the subpoena, the Court cannot determine if it is the proper "compliance" court under Rule 45. *See* Rule 45(c)(2)(A) ("A subpoena may command . . . production of documents . . . at a place within 100 miles of where the person resides, is employed, or regularly transacts business."); Rule 45(d)(2)(B)(i) (providing that a motion to compel should be made to "[t]he court for the district where compliance is required"); *see also* Rule 45(g); *see, e.g.*, *Nicolosi v. BRG Sports, Inc.*, No. 16-cv-02910 (SJ) (CLP), 2019 WL 8158470, at *2 (E.D.N.Y. Dec. 23, 2019). Accordingly, the request for a conference and the related request for an extension of time is denied without prejudice. The Government may renew its letter-motion by **October 1, 2023** and serve it on Atlas Radiology and Plaintiff that **same day**. Any responses shall be filed within **two business days**. The Court will rule on the letter-motion or hold a conference at that time. The Government shall serve this order on Atlas Radiology **promptly**.

SO ORDERED.

Dated: September 28, 2023
New York, New York

*Jennifer Rochon*
JENNIFER L. ROCHON
**United States District Judge**

With copies sent via first-class mail and email to:

Atlas Radiology, P.C.
40-34 74th St.
Elmhurst, NY 11373

Atlas Radiology, P.C.
106-01 101st Avenue
Ozone Park, NY 11416-2712

Samoly@apollodiagnostic.com
ami.elmhurst@yahoo.com
Shahbaz@apollodiagnostic.com
naliniekisten@aol.com